# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ALLIANCE TANK SERVICE, LLC, Third-Party Plaintiff, v. GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, Third-Party Defendant. | CAUSE NO.: 2:14-CV-302-TLS |

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Third-Party Complaint, the Amended Third-Party Complaint, and the Second Amended Third-Party Complaint allege that the Court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. *See* Third-Party Compl. ¶ 3, ECF No. 9; Am. Third-Party Compl. ¶ 3, ECF No. 15; Second Am. Third-Party Compl. ¶ 3, ECF No. 45.

Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this Court's jurisdiction, Third-Party Plaintiff Alliance Tank Service, LLC bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, Third-Party

Plaintiff has sufficiently alleged the citizenship of Defendant Great American Insurance Company and that the amount in controversy exceeds $75,000.

However, the Third-Party Complaint alleges that Third-Party Plaintiff Alliance Tank Services, LLC "is a limited liability company organized under the laws of the State of Oklahoma, which maintains its principal place of business located in Cushing, Oklahoma." Third-Party Compl. ¶ 1. The Amended Third-Party Complaint and the Second Amended Third-Party Complaint make an identical allegation of citizenship. *See* Am. Third-Party Compl. ¶ 1; Second Am. Third-Party Compl. ¶ 1. This allegation of citizenship is deficient because a limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003).

If the members of the limited liability company are themselves limited liability companies, the Third-Party Plaintiff must also plead the citizenship of those members as of the date the Third-Party Complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

If any of the members are natural persons, the allegation of citizenship must identify the person's domicile, not the person's residence. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile . . . . An allegation of 'residence' is therefore deficient."); *Am's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 235 U.S. 561 (1915)).

Accordingly, the Court ORDERS Third-Party Plaintiff Alliance Tank Service, LLC to FILE, on or before March 2, 2020, a supplemental jurisdictional statement identifying the citizenship on December 8, 2014, the date the Third-Party Complaint was filed, each of the members of Alliance Tank Service, LLC and, if any of the members themselves have members, the citizenship of those members, and so on until the citizenship of all owners and members of members have been identified.

SO ORDERED on January 29, 2020.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT